1   JOHN L. BURRIS, Esq., SBN 69888
    LAW OFFICES OF JOHN L. BURRIS
2   Airport Corporate Centre
    7677 Oakport Street, Suite 1120
3   Oakland, California 94621
    Telephone: (510) 839-5200
4   Facsimile: (510) 839-3882
    John.burris@johnburrislaw.com
5
6   Attorney for Plaintiff
7                   UNITED STATES DISTRICT COURT
8           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10  RICKEY MCNEAL,                        Case No. C11-04497 LB ADR
11                  Plaintiff,            COMPLAINT FOR DAMAGES FOR
                                          VIOLATION OF CIVIL RIGHTS.
12        vs.                             JURY TRIAL DEMANDED
13
    OFFICER TREVOR SCHNITZIUS
14  individually and in his capacity as a police
    officer for CITY OF ANTIOCH POLICE
15  DEPARTMENT, OFFICER JAMES
    PERKINSON individually and in his capacity as
16  a police officer for CITY OF ANTIOCH
    POLICE DEPARTMENT, OFFICER TONY
17  MOREFIELD individually and in his capacity
    as a police officer for CITY OF ANTIOCH
18  POLICE DEPARTMENT, OFFICER BRIAN
    ROSE individually and in his capacity as a
19  police officer for CITY OF ANTIOCH POLICE
    DEPARTMENT, OFFICER JISEOK JEONG
20  individually and in his capacity as a police
    officer for CITY OF ANTIOCH POLICE
21  DEPARTMENT, OFFICER JAMES
    BEDGOOD individually and in his capacity as a
22  police officer for CITY OF ANTIOCH POLICE
23  DEPARTMENT, OFFICER MARTIN HYNES
    individually and in his capacity as a police
24  officer for CITY OF ANTIOCH POLICE
    DEPARTMENT,  OFFICER GARY
25  LOWTHER individually and in his capacity as a
    police officer for CITY OF ANTIOCH POLICE
26  DEPARTMENT, OFFICER CLINTON
27  MEALS individually and in his capacity as a
28

1  police officer for CITY OF ANTIOCH POLICE
2  DEPARTMENT, OFFICER NICHOLAS
   WARD individually and in his capacity as a
3  police officer for CITY OF ANTIOCH POLICE
   DEPARTMENT, DOES 1-100, inclusive;
4  individually and in their capacities as POLICE
   OFFICERS for CITY OF ANTIOCH
5

6                    Defendants.

7

8

9

## JURISDICTION

1.      This action arises under Title 42 of the United States Code, Section 1983.
Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331
and 1343. The unlawful acts and practices alleged herein occurred in the CITY OF ANTIOCH,
CALIFORNIA, which is within this judicial district.

## PARTIES

2.      Plaintiff RICKEY MCNEAL ("Plaintiff") is a competent adult, a resident of
CITY OF ANTIOCH, California, an African-American, and a legal citizen of the United States.

3.      At all times mentioned herein, OFFICER TREVOR SCHNITZIUS, ("hereinafter
SCHINTZIUS"), is sued in his individual and official capacity as a City of Antioch Police
Officer.

4.      At all times mentioned herein, OFFICER JAMES PERKINSON, ("hereinafter
PERKINSON"), is sued in his individual and official capacities.

5.      At all times mentioned herein, OFFICER TONY MOREFIELD, ("hereinafter
MOREFIELD"), is sued in his individual and official capacity as a City of Antioch Police
Officer.

6.      At all times mentioned herein, OFFICER BRIAN ROSE, ("hereinafter ROSE"),
is sued in his individual and official capacity as a City of Antioch Police Officer.

7.      At all times mentioned herein, OFFICER JISEOK JEONG, ("hereinafter JEONG"), is
sued in his individual and official capacity as a City of Antioch Police Officer.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                                  2

8. At all times mentioned herein, OFFICER JAMES BEDGOOD, ("hereinafter BEDGOOD"), is sued in his individual and official capacity as a City of Antioch Police Officer.

9. At all times mentioned herein, OFFICER MARTIN HYNES ("hereinafter HYNES"), is sued in his individual and official capacity as a City of Antioch Police Officer.

10. At all times mentioned herein, OFFICER GARY LOWTHER, ("hereinafter LOWTHER"), is sued in his individual and official capacity as a City of Antioch Police Officer.

11. At all times mentioned herein, OFFICER CLINTON MEALS, ("hereinafter MEALS"), is sued in his individual and official capacity as a City of Antioch Police Officer.

12. At all times mentioned herein, OFFICER NICHOLAS WARD, ("hereinafter WARD"), is sued in his individual and official capacity as a City of Antioch Police Officer.

13. At all times mentioned herein, Officers SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG, BEDGOOD, HYNES, LOWTHER, MEALS, and WARD are collectively referred to as "DEFENDANTS."

14. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

15. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

16. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                                    3

17.   Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

STATEMENT OF FACTS

18.   This incident took place on September 12, 2009 at approximately 10:35 a.m. The location of the incident was 2905 Blue Bonnet Court, in the City of Antioch, Ca.

19.   Plaintiff Rickey McNeal and his nephew, Correy Louisville, were discussing Mr. Louisville's reasons for coming to Plaintiff's home early that morning. Mr. Louisville told Plaintiff that the police were looking for him. Plaintiff advised him to turn himself in to the police. Plaintiff did not want to become involved in the matter, because he feared his involvement would cause problems for himself and his family.

20.   Plaintiff, who was clothed in his bathrobe, heard a knock at his front door. When Plaintiff answered the door, he found two police officers standing on his doorstep. The officers asked to search his residence, because they were looking for Mr. Louisville. Plaintiff consented to the search and reassured the officers that he intended to cooperate. To that end, he led officers to the room where he thought Mr. Louisville was seated. When they got to the room, Mr. Louisville was gone.

21.   Thinking Mr. Louisville may have fled to the garage, Plaintiff led the officers to the garage. Once they were in the garage, the group determined that Mr. Louisville had climbed into the attic. As Plaintiff and the two officers were standing alongside one another calling for Mr. Louisville to come down and surrender, several officers suddenly kicked open the side door without warning, striking Plaintiff and causing him to fall to the cement floor. Next, one of the officers pounced on Plaintiff and began to beat him, while he lay face down on the floor.

22.   Incredulously, the officers with whom Plaintiff had previously cooperated with also began to beat him about his body.

23.   The beating aggravated Plaintiff's preexisting work-related injuries. Plaintiff was recovering from a severe right knee injury and five ruptured discs in his back. At the time of the incident, Plaintiff had previously undergone surgery for these injuries.

24.     Witnesses say that at least five officers joined in beating Plaintiff.  Neighbors across the street heard Plaintiff and his family screaming and pleading for the officers to stop.

25.     The beating was so bad that Plaintiff's nephew was compelled to climb down from the attic in order to plead with the officers to stop the brutality.

26.     When Mr. Louisville came down, the officers placed him under arrest for probation violations and took him away.  The officers left plaintiff beaten and suffering on the garage floor.

27.     As a result of the beating, Plaintiff has incurred costs related to treating new injuries as well as aggravated pre-existing injuries.

28.     The officers involved in the incident were all Antioch Police Department officers.

29.     At this time, the specific instances of misconduct by each of the individual Officers have not been individually identified, but all officers were integrally involved the violation of Plaintiff's civil rights.

DAMAGES

30.     As a proximate result of Defendants' conduct, Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride.

31.     Plaintiff was assaulted and falsely arrested by the defendant officers noted herein without any just provocation or probable cause.  Plaintiff suffered severe emotional distress proximately caused by Defendants' intentional and/or negligent acts.

32.     Plaintiff suffered severe emotional distress proximately caused by the wrongful use of excessive force against his person.

33.     Plaintiff suffered severe physical and emotional distress, injuries, and damages approximately caused by the intentional and/or negligent acts of Defendants.

34.     The conduct of defendant officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant officers.

35.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG, BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1-10)

36.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 35 of this Complaint.

37.     In doing the acts complained of herein, Defendants and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.     The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.     The right to be free from the use of excessive force by peace officers, which is guaranteed  by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.     The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;  and/or,

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Assault and Battery)
(Against Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG,
BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1-10)

38.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39.     Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG, BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1-10, inclusive, placed Plaintiff in immediate fear of bodily harm by beating him without any just provocation or cause. Defendants placed Plaintiff in immediate fear of severe bodily harm or death without any just provocation or cause. Defendants and DOES 1-10, inclusive, beat him without just provocation or cause.

40.     These defendants' conduct was neither privileged nor justified under statute or common law.

41.     As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (False Arrest and Imprisonment)
(Against Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG,
BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1-10)

42.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

43.     Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG, BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1-10, inclusive, falsely imprisoned and arrested Plaintiff without probable cause. Plaintiff had not committed any crime,

and there was no basis upon which defendants could have reasonably believed that plaintiff had committed any crime.

44.     Defendants and DOES 1 through 10, inclusive, failed to observe proper procedures in falsely arresting and imprisoning Plaintiff without probable cause.  These defendants exceeded the limits of their authority as police officers in falsely imprisoning plaintiff without probable cause and in utilizing any force against said plaintiffs to effect the false arrest.

45.     As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Against Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG, BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1-10)

46.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

47.     The wrongful conduct of Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG, BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1 through 10, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiff.

48.     As a proximate result of Defendants' negligent conduct, Plaintiff has suffered severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG,
BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1-10)

49.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 48 of this complaint.

50.     Plaintiff is informed and believes and thereon alleges that the conduct of Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG, BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1 through 10, inclusive, as described herein, was motivated by racial prejudice against Plaintiffs.  Plaintiff is and was readily recognizable as African-American.  In engaging in such conduct, Defendants violated Plaintiffs' rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against them because of their race.

51.     Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

52.     As a proximate result of Defendants' wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG,
BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1-10)

53.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint.

54.     The conduct of Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG, BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1 through 10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY OF ANTIOCH, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of their civil rights, through use of wrongful and excessive force.

55.     As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

56.     Since this conduct occurred in the course and scope of their employment, the CITY OF ANTIOCH is therefore liable to Plaintiff pursuant to respondeat superior.

57.     Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

SEVENTH CAUSE OF ACTION
(Negligence)
(Against Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG, BEDGOOD, HYNES, LOWTHER, MEALS, WARD and DOES 1-10)

58.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 57 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

59.     At all times herein mentioned, Defendants SCHINTZIUS, PERKINSON, MOREFIELD, ROSE, JEONG, BEDGOOD, HYNES, LOWTHER, MEALS, WARD and

DOES 1 through 10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), the CITY OF ANTIOCH is vicariously liable to Plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

60.     As a proximate result of Defendants' negligent conduct, Plaintiff suffered physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

61.     Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.     For general damages in a sum of $2,000,000.00;

2.     For special damages in a sum according to proof;

3.     For punitive damages in a sum according to proof;

4.     For injunctive relief enjoining Defendant CITY OF ANTIOCH from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY OF ANTIOCH from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5.     For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6.      For violation of California Civil Code Section 52(b), punitive damages against Defendant officers, $25,000.00 for each offense and reasonable attorney's fees;

7.      For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8.      For cost of suit herein incurred; and

9.      For such other and further relief as the Court deems just and proper.


Dated: September 9, 2011          **THE LAW OFFICES OF JOHN L. BURRIS**

By: _____

John L. Burris
Attorney for Plaintiff
Rickey McNeal